IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


ANDREW MILLER,
    Petitioner,

vs.                                  Case No. 3:06cv308/RV/EMT

WALTER A. McNEIL,[1]
    Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer to the petition, and Petitioner filed a reply (Docs. 14, 18).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are undisputed and established by the state court record (*see* Doc. 14, Exhibits). Petitioner was charged in the Circuit Court of Escambia County, Florida, Case No. 01-CF-5366, with one count of burglary of an unoccupied dwelling, a second degree felony, one count of grand theft, a second degree felony, and one count

---

[1]Walter A. McNeil succeeded James McDonough as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

of criminal mischief, a second degree misdemeanor (Doc. 14, Ex. A at 1–2). Following a jury trial, Petitioner was found guilty as charged (*id.* at 70–90, Ex. D). On April 10, 2003, Petitioner was adjudicated guilty and sentenced as a prison releasee reoffender to a term of fifteen (15) years of imprisonment with presentence jail credit of seven (7) days on the burglary count, a concurrent term of five (5) years of imprisonment on the grand theft count, and time served on the misdemeanor criminal mischief count (Doc. 14, Ex. A at 80–128, 141–47).

Petitioner appealed the judgment to the Florida First District Court of Appeals ("First DCA"). On July 29, 2004, the First DCA affirmed the judgment of conviction without written opinion, with the mandate issuing August 16, 2004 (Doc. 14, Exs. H, I). Miller v. State, 879 So. 2d 629 (Fla. 1st DCA July 29, 2004) (Table). Petitioner did not seek certiorari review by the Florida Supreme Court or the United States Supreme Court.

On January 6, 2005, Petitioner filed a motion for postconviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, in which he raised two claims of ineffective assistance of counsel (Doc. 14, Ex. J at 10–13). The trial court held an evidentiary hearing on both claims (*id.* at 20–61). The court then issued an order denying the motion (*id.* at 62–70). Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written opinion on April 27, 2006, with the mandate issuing June 22, 2006 (*id.*, Exs. M, N). Miller v. State, 930 So. 2d 625 (Fla. 1st DCA Apr. 27, 2006).

On July 13, 2006, Petitioner filed the instant habeas action (Doc. 1 at 6). Respondent concedes that the petition is timely (Doc. 14 at 4).

II.   STANDARD OF REVIEW

Section 2254(a) of Title 28 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" upon a showing that his custody is in violation of the Constitution or laws of the United States. As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub.L. 104-132, § 104, 110 Stat. 1214, 1218-19. In relevant part, section 2254(d) now provides:

>   (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>       (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>       (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254 (2002).

The United States Supreme Court explained the framework for § 2254 review in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2] The appropriate test was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring); Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000). In employing this test, the Supreme Court has instructed that on any issue raised in a federal habeas petition upon which there has been an adjudication on

---

[2] Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

the merits in a formal State court proceeding, the federal court should first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." Lockyer v. Andrade, 538 U.S. 63, 71–72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" if Supreme Court precedent at the time "would have compelled a particular result in the case." Neelley v. Nagle, 138 F.3d 917, 923 (11th Cir. 1998), *overruled on other grounds by* Parker v. Head, 244 F.3d 813, 835 (11th Cir. 2001).

Next, the court must determine whether the State court adjudication is contrary to the clearly established Supreme Court case law, either because "'the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or because 'the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] [Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" Lockyer, 538 U.S. at 73 (quoting Williams, 529 U.S. at 405–06). The Supreme Court has clarified that "[a]voiding these pitfalls does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 365, 154 L. Ed. 2d 263 (2002) (quoting Williams, 529 U.S. at 405–06). If the State court decision is found in either respect to be contrary, the district court must independently consider the merits of the petitioner's claim.

If on the other hand, the State court applied the correct Supreme Court precedent and the facts of the Supreme Court cases and the petitioner's case are not materially indistinguishable, the court must go to the third step and determine whether the State court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 409. Whether a State court's decision was an unreasonable application of legal principle must be assessed in light of the record the court had before it. Holland v. Jackson, 542 U.S. 649, 652, 124 S. Ct. 2736, 2737–38, 159 L. Ed. 2d 683 (2004) (per curiam); *cf.* Bell v. Cone, 535 U.S. 685, 697 n.4, 122 S. Ct. 1843, 1851 n.4, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law

occurs when the State court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). The State court's incorrect or erroneous application of clearly established law will be held to be reasonable and not warrant a writ so long as the State court adjudication results in a "satisfactory conclusion." Williams, 529 U.S. at 410–12.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in State court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The Supreme Court has clarified that: "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) (dictum).

When performing its review under § 2254(d), the federal court must bear in mind that any "determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see e.g.* Miller-El, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"); Jones v. Walker, 469 F.3d 1216, 1226–27 (11th Cir. 2007) (holding that § 2254(d)(2)'s "unreasonable determination" standard "must be met by clear and convincing evidence," and concluding that that standard was satisfied where prisoner showed "clearly and convincingly" that the state court's decision "contain[ed] an 'unreasonable determination' of fact.").

Only if the federal habeas court finds that the petitioner satisfied AEDPA, and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See* Panetti v. Quarterman, --- U.S. --- 127 S. Ct. 2842, 2858, 168 L. Ed. 2d 662 (2007); Jones, 469 F.3d 1216 (same). The writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

Within this framework, the court will review Petitioner's claims.

III. PETITIONER'S CLAIMS

A. <u>Ground One: "Petitioner was misinformed concerning the penalty he faced with regards to Prison Release [sic] Reoffender Act in violation of due process of law."</u>

B. <u>Ground Two: "The Petitioner was ill advised in regards to the law's specific application at sentencing, in leu [sic] of the facts of his case."</u>

In Grounds One and Two, Petitioner contends he received ineffective assistance of counsel during pre-trial plea discussions. In Ground One, Petitioner claims that although defense counsel informed him of the <u>possibility</u> that he could be sentenced as a prison releasee reoffender (PRR) if he was convicted at trial, counsel did not inform him that he would <u>definitely</u> be sentenced as such if he was convicted, or that such designation meant that he would be required to serve his full sentence (Doc. 1 at 4, 4A). In Ground Two, Petitioner asserts that defense counsel failed to adequately explain the law applicable to the burglary charge, specifically, that the jury could be instructed that his possession of recently stolen property could justify a conviction of burglary with intent to steal that property because the jury could infer from his possession of the property that he was the person who stole it (Doc. 1 at 4). In Petitioner's reply brief, he states that the State admitted that a conviction on the burglary charge would be difficult, and without a conviction for burglary, Petitioner would not qualify for PRR, so without counsel's informing him of the significance of his possession of stolen property, he had no reason to believe that PRR enhancement was a realistic possibility (Doc. 18 at 3). Petitioner also states that PRR enhancement was not discussed until after his decision to proceed to trial and during sentencing discussions (Doc. 1 at 4, 4A). Petitioner states that if he had known that he would definitely be sentenced to fifteen (15) years and required to serve all of that time, he would have accepted the State's previous plea offer of two (2) years (*id.*).

Respondent concedes Petitioner exhausted his claims to the extent he alleges ineffective assistance of counsel due to a lack of adequate advice regarding the possibility that he could receive a PRR sentence upon conviction for burglary (Doc. 14 at 9, 14). However, to the extent Petitioner alleges counsel was ineffective for failing to explain to him that the jury would be instructed at his trial on the inference arising from his possession of recently stolen property, the claim is

procedurally barred because although he raised it in his Rule 3.850 motion, he did not argue it in his brief on appeal from the trial court's denial of the motion (*id.* at 14).

    1.   Clearly Established Supreme Court Law

  The standard for evaluating claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To obtain relief under Strickland, Petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. 466 U.S. at 687–88. If Petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief. *Id.* at 697. Thus, this court need not address the prejudice prong if the court determines that the performance prong is not satisfied. Turner v. Crosby, 339 F.3d 1247, 1279 (11th Cir. 2003); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.") (citation omitted).

  "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006) (citing Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)). The focus of inquiry under the performance prong is "reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688–89. "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Furthermore, "[e]ven if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994). Counsel's performance is deficient only if it is "outside the wide range of professional competence." Jones, 436 F.3d at 1293 (citing Strickland, 466 U.S. at 690); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Additionally with regard to counsel's performance, the Eleventh Circuit has recognized a distinction between failure to inform and giving

misinformation, and has noted that the failure to inform is less likely to constitute ineffective assistance of counsel. *See* Holmes v. United States, 876 F.2d 1545, 1552 n.8 (11th Cir. 1989) (citing Strader v. Garrison, 611 F.3d 61, 64–65 (4th Cir. 1979) (holding that misinformation of parole consequences is ineffective assistance of counsel)).

A petitioner satisfies the prejudice element if he establishes that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. In the context of a guilty plea, the prejudice inquiry "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). To establish prejudice after the petitioner has rejected an offer to plead guilty, the petitioner must "establish a reasonable probability that, absent counsel's alleged ineffective assistance, he would have accepted the plea agreement." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991) ("[A]fter the fact testimony concerning [the] desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, [the defendant] would have accepted the plea offer."); *accord* Coulter v. Herring, 60 F.3d 1499, 1504 (11th Cir. 1995).

    2.  Federal Review of State Court Decision

Because Petitioner's claims are closely related, and the trial court adjudicated the merits of both claims, the undersigned will review the claims despite Petitioner's alleged failure to exhaust his claim that counsel was ineffective for failing to explain to him that the jury would be instructed at his trial on the inference arising from his possession of recently stolen property. *See* 28 U.S.C. § 2254(b)(2) (an application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust state court remedies).

In the state court's written opinion denying Petitioner's Rule 3.850 motion, the state court identified Strickland as setting forth the controlling legal standard for analyzing claims of ineffective assistance of counsel (*id.* at 63). Because the state court correctly identified Strickland as the governing precedent, Petitioner is entitled to federal habeas relief only if he demonstrates that the state court decision was based upon an unreasonable determination of the facts or that the state court decision was an unreasonable application of Strickland.

The state court made several factual findings regarding Petitioner's claims, which include the following. Petitioner acknowledged in his Rule 3.850 motion and at the evidentiary hearing that he was aware that he faced a possible sentence of fifteen years if convicted of burglary (Doc. 14, Ex. J at 64). Although Petitioner asserted that he was not aware that he could be sentenced as a PRR, defense counsel testified that on October 23, 2002, that he advised Petitioner of the State's plea offer of five years and informed him that the State would seek PRR if he was convicted at trial (*id.* at 64–65). Defense counsel testified that Petitioner had five cases pending during the relevant time period, and his notes in Petitioner's file reflected that plea offers were made which Petitioner rejected (*id.* at 64). Defense counsel testified that Petitioner rejected a five-year offer even after being informed that the State would seek PRR if he went to trial and was convicted (*id.* at 65). Counsel further stated that he advised Petitioner that he faced maximum penalties of fifteen to thirty years, but Petitioner rejected the plea deal (*id.*). Defense counsel testified that the State then made an offer of ten years (two years in prison, with eight suspended) to cover all of Petitioner's cases, and the offer included a *nolle prosequi* of the burglary charge in the instant case (*id.*). Defense counsel additionally testified that his standard discussion with PRR-eligible defendants was that "he has a minimum mandatory of either five years if it's a third-degree felony or 15 years certain [sic] other felonies, . . . . As far as gain time, . . . they can serve 100 percent of their time on that, but to say, yes, I did, in fact, tell him that, I'm not going to sit here and say that. . . ." Defense counsel followed this statement with the recollection that he tried to get Petitioner to take the deal and advised him not to go to trial, but Petitioner "was determined to go to trial" (*id.*). The state court did not find credible Petitioner's representation that he would have entered a plea had he better understood the consequences of PRR sentencing (*id.* at 67). The court further found that defense counsel did discuss the possibility of PRR sentencing with Petitioner prior to his election to proceed to trial (*id.* at 67, 69). The state court found that Petitioner acknowledged that he knew that a fifteen-year sentence was possible if he went to trial, and in light of the vast difference between a potential two-year sentence offered during plea bargaining and a fifteen-year sentence, it was clear that Petitioner intended to go to trial regardless of whether PRR sentencing was a possibility (*id.*).

With regard to Petitioner's claim that counsel failed to adequately explain the law applicable to the burglary charge, the court found that defense counsel knew the relevant law and facts of the

case with regard to the State's use of evidence that Petitioner possessed stolen property (*id.* at 68). The court further found that defense counsel discussed the facts of the case with Petitioner and implored him not to proceed to trial (*id.* at 69). The court found that Petitioner was given the opportunity, through one of the plea offers, to have the burglary charge dismissed, and he knew that he faced fifteen years in prison if found guilty at trial, but he was determined to exercise his right to go to trial (*id.*). The court did not find credible Petitioner's representations that he did not possess an adequate understanding of the law; rather, the court found that Petitioner was aware that the State had a weak and circumstantial case, and based on that knowledge, he chose to "roll the dice" and proceed to trial, knowing the potential consequences (*id.*). Based upon these findings, the state court concluded that Petitioner failed to satisfy the Strickland standard.

Although Petitioner disagrees with the state court's determination that he possessed an adequate understanding of the law and that he was advised that the State would definitely seek PRR sentencing if he went to trial, he has failed to present clear and convincing evidence that the trial court improperly credited the testimony of Petitioner's counsel instead of Petitioner's testimony. Therefore, this court accepts the state court's factual findings, including its credibility determinations, as correct. Furthermore, the findings are amply supported by the record (*see* Doc. 14, Ex. J at 23–45).

In light of these facts, the state court's denial of Petitioner's claims was not unreasonable. Petitioner failed to demonstrate that defense counsel performed deficiently during the pre-trial plea discussions. Defense counsel informed Petitioner during pre-trial discussions that the State would seek a PRR sentence and Petitioner faced a fifteen-year sentence if he was convicted at trial. Additionally, defense counsel's discussions of the case with Petitioner were sufficient to provide Petitioner with knowledge as to the evidence against him, defense counsel's assessment of the strength of that evidence, and defense counsel's recommendation as to whether rejecting the plea

offer and going to trial was worth the risk of a fifteen-year sentence.[3]  Therefore, the state court did not unreasonably apply the deficient performance prong of the Strickland standard.

Furthermore, Petitioner failed to demonstrate he was prejudiced by counsel's alleged errors. Petitioner was aware that counsel firmly believed that he should take the plea deal instead of risking the fifteen-year sentence by going to trial, but he was also aware that the State was willing to drop the burglary charge as part of the last plea offer, and Petitioner chose to "roll the dice" by proceeding to trial despite his awareness of the possibility of a PRR sentence and that he faced fifteen years in prison if found guilty, as opposed to a term of only two years in prison if he took the plea offer.  Additionally, defense counsel testified that when he discussed the five-year plea offer with Petitioner on October 23, 2003, Petitioner was "determined to go do trial," and when he and Petitioner discussed the two-year deal on February 17, 2003, Petitioner "refused" to take the plea offer.  This objective evidence of Petitioner's absolute unwillingness to take a plea deal, in the absence of any objective evidence supporting Petitioner's after-the-fact assertion that he would have accepted the plea deal if counsel had provided effective assistance during plea discussions, supports the reasonableness of the state court's conclusion that Petitioner failed to demonstrate he was prejudiced by counsel's alleged failures.  *See, e.g.*, Brown v. United States, No. 07-10923, 2009 WL 205630 (11th Cir. Jan. 29, 2009) (affirming district court's determination that defendant failed to establish reasonable probability that he would have pleaded guilty had he been advised about punishment he faced where court found that defendant believed he would prevail at trial; defendant never considered pleading guilty; and defendant was willing to risk greater punishment for the possibility of an acquittal, and record supported those findings).[4]

---

[3]At the post-conviction evidentiary hearing, defense counsel testified that during a discussion with Petitioner at the jail just prior to Petitioner's trial, he told Petitioner that (1) the State intended to introduce a pawn ticket into evidence, which would place him in possession of property that was taken from the burglary, (2) that the ticket would be admitted as evidence, (3) that he (counsel) was concerned about this, and (4) that Petitioner should take the plea rather than unnecessarily expose himself to more prison time (*see* Doc. 14, Ex. J at 40–42)

[4]The undersigned cites Brown v. United States only as persuasive authority and recognizes that the opinion is not considered binding precedent.  *See* 11th Cir. R. 36-2.

Because Petitioner failed to establish that the state court unreasonably applied Strickland in denying either of his claims, Petitioner has failed to demonstrate that he is entitled to federal habeas relief.

Accordingly, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that Walter A. McNeil is substituted for James McDonough as Respondent.

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

At Pensacola, Florida, this 6th day of April 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**